UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPOIRE ISHIBOLECHO,<br><br>           Petitioner,<br><br>       v.<br><br>ANDREWS, DHS ATTORNEY GENERAL,<br><br>           Respondent. | No. 1:24-cv-00679-SKO (HC)<br><br>**ORDER DISMISSING PETITION WITH LEAVE TO FILE AMENDED PETITION**<br><br>**(THIRTY-DAY DEADLINE)** |

Petitioner, currently in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") and proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.     PRELIMINARY REVIEW**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  The provisions of Rule 4, which are applicable to § 2241 petitions under Rule 1(b), provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

1

## II.     FAILURE TO STATE A CLAIM

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases[1] requires that the petition:

(1)    Specify all the grounds for relief available to the petitioner;
(2)    State the facts supporting each ground;
(3)    State the relief requested;
(4)    Be printed, typewritten, or legibly handwritten; and
(5)    Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Further, 28 U.S.C. § 2242 requires a petitioner to allege the facts concerning the petitioner's commitment or detention.

Here, Petitioner has failed to comply with the aforementioned statutes and rules. From the scant information provided, it is impossible for the Court to discern Petitioner's claims. It is clear he is being detained at Mesa Verde Community Correctional Center, and he claims his detention is in violation of his constitutional rights. He provides no further information on his detention, and does not state whether he is subject to a final order of removal, or if he is currently in immigration proceedings. If he is subject to a final order of removal, he fails to provide any details such as the date of the order, when he was taken into custody, the country to which he has been ordered removed, and any proceedings that have taken place since the final order of removal. If he is in immigration proceedings, he does not provide any details such as what has occurred to date, such as the orders have been entered and by which court, any bond hearings and their results, and any relevant dates such as when he was taken into custody and why. Further, he does not state what order he is challenging. Therefore, Petitioner fails to state a cognizable

---

[1] The Rules Governing Section 2254 Cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b).

federal habeas claim and the petition must be dismissed.

Petitioner will be granted an opportunity to file a First Amended Petition curing these deficiencies. Petitioner is advised that he should caption his pleading, "First Amended Petition," and he should reference the instant case number. Failure to comply with this order will result in dismissal of the action.

**III.  ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that the petition is DISMISSED with leave to amend, and Petitioner is GRANTED thirty (30) days in which to file a First Amended Petition curing the deficiencies noted above.

IT IS SO ORDERED.

Dated:  **June 13, 2024**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE