UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPOIRE ISHIBOLECHO,<br><br>    Petitioner,<br><br>    v.<br><br>FIELD OFFICE DIRECTOR, et al.,<br><br>    Respondents. | No. 1:24-cv-00679-SKO (HC)<br><br>**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE GRANTED**<br><br>[FORTY-FIVE DAY DEADLINE] |

Petitioner has filed a petition for writ of habeas corpus challenging his indefinite detention by the United States Bureau of Immigration and Customs Enforcement ("ICE").

Petitioner was born in Congo and entered the United States on November 8, 2016. Petitioner states he has been continuously detained by ICE since approximately November 28, 2022, and received a final order of removal on August 7, 2023. He states he has been in ICE custody for more than ten months since his removal order became final.

Petitioner contends that his detention pursuant to 8 U.S.C. § 1231(a)(2) has exceeded the six-month presumptive period set forth in Zadvydas v. Davis, 533 U.S. 678 (2001), that his continued detention is no longer reasonable, that Respondent has been unable to effect his removal to Congo, that there is no "significant likelihood" of such removal in the "reasonably foreseeable future," and therefore that his ongoing detention is indefinite and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth

Amendment of the United States Constitution.

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules Governing Section 2254 Cases.  In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases.  See Local Rule 110.

Accordingly, it is HEREBY ORDERED:

1.	Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Response to the Order to Show Cause is due within FORTY-FIVE (45) days of the date of service of this order.  Petitioner may file a Traverse to the Response within THIRTY (30) days of the date the Response to the Order to Show Cause is filed with the Court.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **June 26, 2024**                        /s/ *Sheila K. Oberto*                
                                                            UNITED STATES MAGISTRATE JUDGE