UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPOIRE ISHIBOLECHO,<br><br>Petitioner,<br><br>v.<br><br>FIELD OFFICE DIRECTOR, et al.,<br><br>Respondents. | No.  1:24-cv-00679-SKO (HC)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION AS MOOT [Doc. 15], DISMISSING PETITION, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |

Petitioner is a former immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He commenced this action by filing his initial habeas petition on May 15, 2024. (Doc. 1.) All parties consented to the jurisdiction of the magistrate judge, and the case was assigned to the undersigned for all further proceedings, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Docs. 11, 13, 14.)

On June 24, 2024, Petitioner submitted a first amended petition for writ of habeas corpus in this Court challenging his indefinite detention. (Doc. 10.) On August 9, 2024, Respondent filed a motion to dismiss the petition as moot because Petitioner has been released from immigration detention on an order of supervision. (Doc. 15.) Petitioner did not oppose the motion. Because Petitioner has been granted the relief he sought and his claims are now moot, the Court will GRANT Respondent's motion to dismiss.

1

**DISCUSSION**

Respondent contends that the instant petition is moot because Petitioner has been released from immigration detention. Respondent submits a copy of an Order of Supervision dated August 9, 2024, which shows Petitioner was placed on supervision and permitted to be at large under certain conditions. (Doc. 15-3 at 1-5.) Petitioner signed the Order of Supervision on the same date. (Doc. 15-3 at 1.)

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971) (per curiam) (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241 (1937)). When a prisoner is released from custody, any habeas petition challenging continued detention becomes moot. Fender v. U.S. Bureau of Prisons, 846 F.2d 550, 555 (9th Cir.1988).

Because Petitioner has been granted the relief he sought and is no longer in detention, the petition is now moot.

**ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED:

1) Respondent's motion to dismiss (Doc. 15) is GRANTED;

2) The petition for writ of habeas corpus is DISMISSED; and

3) The Clerk of Court is DIRECTED to enter judgment and close the case.

This order terminates this action in its entirety.

IT IS SO ORDERED.

Dated:  **September 10, 2024**          /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE